EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rubén Vélez Lebrón y otros<br><br>Peticionario<br><br>v.<br><br>Juan M. García Passalacqua<br><br>Recurrido | Certiorari<br><br>2004 TSPR 169<br><br>163 DPR \_\_\_\_ |

Número del Caso: CC-2004-112

Fecha: 3 de noviembre de 2004

Tribunal de Circuito de Apelaciones:

Circuito Regional I

Juez Ponente:

Hon. Gilberto Gierbolini Rodríguez

Abogado de la Parte Peticionaria:

Lcdo. Rafael J. Vázquez González

Abogados de la Parte Recurrida:

Lcdo. Juan R. Marchand Quintero
Lcdo. Francisco Ortiz Santini

Materia: Cobro de Dinero y Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rubén Vélez Lebrón y otros

    Peticionario

       Vs.                    CC-2004-112   Certiorari

Juan M. García Passalacqua

    Recurrido


SENTENCIA

San Juan, Puerto Rico, a 3 de noviembre de 2004.


El 30 de agosto de 2000, Rubén Vélez Lebrón, por sí y en representación de la Sociedad Legal de Gananciales que integra con su esposa, presentó una demanda en daños y perjuicios contra Juan M. García Passalacqua. Vélez Lebrón alegó que el demandado, a través de una emisora radial y en su carácter de comentarista político, había iniciado en forma maliciosa una campaña de falsedades, ataques e insinuaciones en su contra al hacer expresiones a través de las ondas radiales insultando al demandante con epítetos tales como "tiburón", "ladrón", "pillo", "ratón" y "corrupto". Esto alegadamente ocurrió en el año 1999, desde el mes de septiembre, y durante el 2000. Según el demandante

esas expresiones se habían hecho "en menosprecio de la verdad, con pleno conocimiento de su falsedad y con la evidente intención de mancillar y denigrar la reputación del demandante". García Passalacqua contestó la demanda el 30 de octubre de ese año. Admitió haber hecho algunas de las expresiones pero negó que las mismas fueran falsas o difamatorias.

El 30 de noviembre de 2000 el demandado presentó una moción de sentencia sumaria acompañada por un "Memorando en Apoyo a Moción de Sentencia Sumaria" a la que anexó una serie de documentos en los que alegaba se exponían los datos en se apoyaba para hacer sus expresiones públicas.

Luego de varios incidentes procesales, el 10 de agosto de 2001 el tribunal de instancia emitió una sentencia mediante la cual declaró con lugar la moción de sentencia sumaria presentada por el demandado y, en consecuencia, desestimó la reclamación de Vélez Lebrón. El foro de instancia determinó que las expresiones hechas por el demandado, aún cuando no fuesen del todo ciertas, estaban cobijadas por las defensas de hipérbole retórica y opinión, por lo que no se configuraba la causa de acción por difamación.

Inconformes con tal dictamen, los demandantes apelaron al entonces Tribunal de Circuito de Apelaciones el 25 de octubre de 2001. El foro apelativo confirmó la determinación del tribunal de instancia en una sentencia emitida el 31 de julio de 2003 y notificada el 8 de agosto de 2003. Los apelantes solicitaron reconsideración, la cual fue acogida y

luego declarada sin lugar mediante una Resolución dictada el 18 de diciembre de 2003 y notificada el 16 de enero de 2004.

El 17 de febrero de 2004, Vélez Lebrón presentó el recurso que nos ocupa. Alegó esencialmente que erraron los foros inferiores al desestimar sumariamente su reclamación. El 12 de marzo de 2004 ordenamos al recurrido que mostrara causa por la cual no debíamos revocar el dictamen y ordenar la celebración de un juicio plenario. La orden fue notificada el 16 de marzo de 2004. El demandado presentó su "Comparecencia para Mostrar Causa" el 14 de abril de 2004. Con el beneficio de su criterio resolvemos.

II

La acción civil por difamación tiene su base en nuestra Ley de Libelo y Calumnia, 32 L.P.R.A. sec. 3141. En lo que a pleitos civiles se refiere, la difamación se ha definido como "desacreditar a una persona publicando cosas contra su reputación". Pérez Rosado v. El Vocero de Puerto Rico, 149 D.P.R. 427 (1999).

Para que prospere una acción de libelo en el caso de una figura privada es necesario que la persona difamada alegue y pruebe en esencia tres requisitos: (1) que la información es difamatoria y falsa; (2) que la publicación se hizo de forma negligente, y (3) que se le causaron daños reales. Si la persona difamada es una figura pública es necesario además que pruebe que la publicación fue hecha con malicia real o con grave menosprecio de la falsedad o veracidad de lo publicado. Pérez Rosado v. El Vocero de

Puerto Rico, *supra*; Villanueva v. Hernández Class, 128 D.P.R. 618 (1991).

De otra parte, la Regla 36.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, permite a la parte demandada en un pleito solicitar que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Vera Morales v. Bravo Colón, res. el 27 de febrero de 2004, 161 D.P.R. ___, 2004 TSPR 30, 2004 JTS 40; Méndez Arocho v. El Vocero de P.R., 130 D.P.R. 867 (1992).

La sentencia sumaria es el mecanismo procesal que otorga al juzgador la discreción para disponer del pleito sin necesidad de celebrar vista evidenciaria. El principio rector al dictar sentencia sumaria es el sabio discernimiento del juzgador, a los fines de evitar que se despoje a un litigante de su día en corte, principio elemental del debido proceso de ley. Ortiz v. Nationwide Mutual Ins. Co., res. el 4 de marzo de 2003, 158 D.P.R. ___, 2003 TSPR 32, 2003 JTS 34; Asociación de Pescadores de Punta Figueras v. Marina Puerto del Rey, Inc., res. el 18 de diciembre de 2001, 155 D.P.R. ___, 2001 TSPR 174, 2002 JTS 4; Consejo de Titulares v. M.G.I.C. Financial, 128 D.P.R. 538 (1991).

Procede dictar sentencia sumaria cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas. García Rivera v. Enríquez Marín, res. el 2 de febrero de 2001, 153 D.P.R. ___, 2001

TSPR 12, 2001 JTS 15; Rivera v. Depto. de Hacienda, 149 D.P.R. 141 (1999); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714 (1986).

El tribunal no deberá dictar sentencia sumaria cuando (1) existan hechos materiales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material, o (4) como cuestión de derecho no proceda. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881 (1994); Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272 (1990). Si existen dudas sobre la existencia de una controversia de hechos, éstas deben resolverse contra la parte que solicita la sentencia sumaria. Santiago Rivera v. Ríos Alonso, res. 7 de febrero de 2002, 156 D.P.R. ___, 2002 TSPR 15, 2002 JTS 21; Cuadrado Lugo v. Santiago Rodríguez, supra.

La parte que se opone a la resolución por la vía sumaria viene obligada a presentar documentos que pongan en controversia los hechos presentados por el promovente. Sin embargo, el solo hecho de no haberse opuesto con evidencia que controvirtiera la presentada por el promovente, no implica de por sí que proceda la sentencia sumaria o que el promovente tenga derecho a que se dicte a su favor. Jusino Figueroa v. Walgreens of San Patricio Inc., res. el 1ro de noviembre de 2001, 155 D.P.R. ___, 2001 TSPR 150, 2001 JTS 154; Cuadrado Lugo v. Santiago Rodríguez, supra.

III

Al examinar el presente caso a la luz de la normativa expuesta concluimos que no procedía resolverlo mediante sentencia sumaria. Existe controversia sobre la falsedad de las expresiones emitidas por el demandado y en cuanto a las bases fácticas que utilizó para emitir su opinión. Por una parte el demandado alega que los comentarios que hizo se basan en los artículos periodísticos y de revistas que presentó como evidencia. Por otro lado, el demandante alega que lo dicho por el demandado no se desprende de los documentos en los que se apoya. El peticionario merece una oportunidad de demostrar la falsedad de las expresiones del demandado mediante la celebración de un juicio plenario, por lo que erró el Tribunal de Apelaciones al avalar la disposición del pleito por la vía sumaria.

No obstante lo anterior, la parte recurrida solicita en su escrito que se le permita llevar a cabo un descubrimiento de prueba adecuado para poder defenderse de la reclamación en su contra. Ambas partes deben tener esa oportunidad.

Por los fundamentos expuestos, se expide el auto solicitado y se dicta sentencia para revocar las emitidas por el Tribunal de Circuito de Apelaciones y el Tribunal de Primera Instancia y ordenar la celebración del correspondiente juicio plenario. Se autoriza además a las partes a llevar a cabo el descubrimiento de prueba pertinente.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor

Rebollo López disiente con opinión escrita. La Juez Asociada señora Rodríguez Rodríguez no interviene.


                                    Patricia Otón Olivieri
                                 Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rubén Vélez Lebrón

    Peticionario

       v.                          CC-2004-112      CERTIORARI

Juan M. García Passalacqua

    Recurrido


OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

        San Juan, Puerto Rico, a 3 de noviembre de 2004


        El presente recurso constituye prueba fehaciente de que, en ocasiones, este Tribunal no descarga su función revisora de manera correcta, adecuada y responsable, fallando, en consecuencia en su función primordial de hacer cumplida justicia.

        Conforme surge, incluso, de la propia Sentencia mayoritaria emitida en el caso ante nuestra consideración, el Tribunal de Primera Instancia, al declarar con lugar la moción de sentencia sumaria radicada por la parte demandada recurrida expresó, o determinó, "que las expresiones hechas por el demandado, aún [sic] cuando no fueron del todo ciertas,

estaban cobijadas por las defensas de hipérbole retórica y opinión, por lo que no se configuraba la causa de acción por difamación".[1] (Énfasis suplido.)

Dicho de otra manera, y en palabras sencillas, conforme el criterio del juez de instancia, poco importa si las expresiones hechas por el demandado García Passalacqua —y objetadas por el demandante Vélez Lebrón, por alegadamente ser difamatorias— son falsas o ciertas, total o parcialmente. El *ratio decidendi* del mencionado tribunal —correcto o incorrecto— fue a los efectos de que dichas expresiones estaban protegidas por las defensas de "hipérbole retórica y opinión", doctrinas incorporadas a nuestro ordenamiento jurídico por este Tribunal en Garib v. Clavell, 135 D.P.R. 475 (1994).[2]

Ello no obstante, la Sentencia mayoritaria emitida no trata o aborda, de forma alguna, dicha defensa o doctrina. Por el contrario, y de manera sorpresiva e inexplicable, la Sentencia mayoritaria dedica su análisis, de forma principal, a discutir cuándo procede, o no, que se dicte una sentencia sumaria, concluyendo "que no procedía resolver [el presente caso] mediante sentencia sumaria" ya que existe "controversia sobre la falsedad de las expresiones emitidas

---

[1] Véase página 2 de la Sentencia mayoritaria emitida.

[2] A tenor con esta doctrina, no procede una acción civil por una alegada expresión difamatoria si la misma se utiliza en sentido figurado, flexible y no necesariamente por su significado literal. Garib v. Clavell, ante.

Hacemos claro que, en estos momentos, no estamos emitiendo criterio alguno sobre la aplicabilidad de esta doctrina a los hechos del presente caso.

por el demandado y en cuanto a las bases fácticas que [éste] utilizó para emitir su opinión". En otras palabras, la mayoría de los integrantes del Tribunal da la impresión que entiende que el foro de instancia dio por ciertas las expresiones objetadas, lo cual, como vimos, está muy lejos de lo resuelto por el referido foro y de la verdadera controversia planteada ante este Tribunal.

A nuestra manera de ver las cosas, el Tribunal venía en la obligación de resolver si las referidas manifestaciones están, o no, protegidas por las defensas de "hipérbole retórica y opinión". De las mismas no estarlo, <u>entonces y sólo entonces</u>, procedería la devolución del caso al tribunal de instancia para la celebración de un juicio plenario.

En resumen, por entender que la mayoría de este Tribunal ha fallado en atender, y resolver, la verdadera controversia planteada en el presente caso es que disentimos.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado