ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (2025-031)

| MARIBEL RIOLLANO RAMOS, Apelante, v. ROYAL ISABELA, INC.; COSTA ISABELA MASTERS ASSOCIATION, INC.; COSTA ISABELA PARTNERS, INC.; MIGUEL MACHADO, FULANA DE TAL y la sociedad legal de gananciales compuesta por ambos; UNIVERSAL INSURANCE COMPANY; COMPAÑÍAS DESCONOCIDAS A, B, C; COMPAÑÍAS DE SEGURO 1. 2, 3, Apelada. | KLAN202500340 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla. Civil Núm.: AG2021CV01538. Sobre: difamación; libelo; calumnia; daños y perjuicios. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

La señora Maribel Riollano Ramos (señora Riollano) instó este recurso de apelación el 26 de abril de 2025. Nos solicita la revisión de la *Sentencia* emitida el 26 de febrero de 2025, notificada el 5 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante esta, el foro primario desestimó, con perjuicio, la demanda instada por la señora Riollano en contra de la parte apelada compuesta por Royal Isabela, Inc.; Costa Isabela Masters Association, Inc.; Costa Isabela Partners, Inc.; Miguel Machado y Universal Insurance Company (Royal Isabela o parte apelada).

Evaluado el recurso y la oposición al mismo, a la luz del derecho aplicable, **confirmamos** el dictamen apelado.

Número identificador

SEN2025_____

I

El 16 de diciembre de 2021, la señora Riollano, quien fue sargento de la Policía Municipal de Isabela, incoó una demanda de daños y perjuicios por difamación contra la parte apelada[1]. En ella, solicitó una indemnización monetaria por los daños y perjuicios presuntamente sufridos como consecuencia de ciertas expresiones y publicaciones difamatorias, realizadas en su contra por el señor Machado[2], director de seguridad de Royal Isabela.

En específico, la señora Riollano alegó que el señor Machado instó una querella ante las autoridades del Municipio de Isabela y denunció que ella visitaba continuamente las instalaciones de Royal Isabela, en horas de servicio y en su patrulla municipal, para asuntos no oficiales y sin la debida autorización. Según la señora Riollano, estas expresiones ocasionaron que fuese despedida injustamente de su trabajo en la Policía Municipal de Isabela. Por lo anterior, solicitó una indemnización por los daños sufridos, que valoró en $500,000.00.

En su demanda, la señora Riollano apuntó que las rondas de seguridad las había iniciado a partir de marzo de 2021, a petición de los únicos residentes permanentes del complejo. Explicó que la solicitud de seguridad municipal había respondido a que dichos residentes habían informado de movimientos sospechosos de parapentes[3], que sobrevolaban el área de la costa colindante al complejo, y quienes estimaban que Royal Isabela ofrecía poca seguridad al respecto. Añadió que había ofrecido vigilancia preventiva para dar seguimiento a cierta información confidencial recibida sobre posible actividad ilegal en la zona. Inclusive, adujo que la solicitud de vigilancia municipal fue sugerida por el señor Machado. Es

---

[1] *Véase*, apéndice del recurso, a las págs. 1-5.

[2] Cabe destacar que la *Demanda* también identifica al señor Machado como legislador municipal del Municipio de Isabela. Aclaramos, además, que, Royal Isabela, Inc., es un complejo hotelero que ubica en el Municipio de Isabela.

[3] En su *Demanda Enmendada*, presentada el 15 de febrero de 2024, la parte apelante definió "parapente" como "[…] artefactos voladores tripulados por una o dos personas […]".

decir, la señora Riollano insistió en que sus visitas a Royal Isabela respondieron a fines legítimos de su trabajo.

A su vez, la señora Riollano consignó que, posteriormente, el Municipio comenzó una investigación a raíz de una querella presentada por el señor Machado y, el 28 de agosto de 2021, ordenó el desarme de la señora Riollano y el relevo de sus funciones. Conforme alegó en su demanda, el proceso de desarme se llevó a cabo mediante una intervención en casa de su madre, en la que participaron varios policías, en patrullas oficiales, y con sirenas y biombos encendidos.

Narró, además, que, el 9 de septiembre de 2021, el señor Machado envió una carta al investigador del Municipio en la que comunicó que desistía de su querella contra la señora Riollano y aclaró que Royal Isabela no autorizaba la distribución de libros de incidencias o bitácoras de seguridad.

El 2 de diciembre de 2021, la señora Riollano recibió una carta del Municipio en la que se le formulaban cargos y se le notificaba de la intención de imponerle medidas disciplinarias, que podían acarrear su despido. La señora Riollano catalogó como falsa la información provista por el señor Machado en su querella, en la que él había indicado que ella visitaba las instalaciones de Royal Isabela por razones personales y en horas de trabajo. Indicó que el Municipio repitió esa información en su comunicación.

El 18 de agosto de 2022, la parte apelada contestó la demanda[4]. En síntesis, al rebatir las alegaciones, sostuvo que Royal Isabela no había registrado ningún incidente por falta de seguridad, y que las múltiples visitas de la oficial municipal respondían a fines privados y que se habían realizado en horas laborables. La parte apelada afirmó que la información incluida en la querella no era falsa y negó que las expresiones incluidas en la querella presentada contra la sargento Riollano fueran realizadas con malicia real o mala fe.

---

[4] *Véase*, apéndice del recurso, a las págs. 6-13.

En lo pertinente, Royal Isabela arguyó que, ante la reclamación sobre difamación, el estándar legal aplicable para la evaluación de las expresiones plasmadas en la querella presentada contra la señora Riollano Ramos debía ser el de *figura pública* por enmarcarse en su función como oficial del orden público. También, razonó que las expresiones realizadas como parte de la denuncia estaban protegidas por la doctrina del privilegio restringido. Solicitó que se declarase sin lugar la demanda y se impusieran costas, gastos y honorarios de abogado.

Luego de varios trámites procesales, el 15 de febrero de 2024, la parte apelante enmendó la *Demanda* para realizar una sustitución de parte[5].

El 17 de mayo de 2024, la parte apelada contestó la demanda enmendada[6]. En síntesis, negó todas las imputaciones de responsabilidad civil hechas en su contra y planteó varias defensas afirmativas. En lo pertinente, adujo que las expresiones hechas sobre la señora Riollano eran ciertas, según corroboró el Municipio de Isabela en el proceso disciplinario administrativo instado en su contra, por lo que la señora Riollano no había sido difamada como cuestión de derecho. En la alternativa, sostuvo que las expresiones objeto de controversia estaban cobijadas por el *privilegio restringido*. Lo anterior, toda vez que fueron realizadas con el propósito de denunciar una violación de ley ante el Municipio de Isabela, la entidad gubernamental facultada en ley para investigar transgresiones disciplinarias de sus empleados o agentes. Además, alegó que la señora Riollano debía ser considerada figura pública, por lo que aplicaba el requisito de malicia real al momento de evaluar su causa de acción.

---

[5] *Véase*, apéndice del recurso, a las págs. 14-18. Como enmienda, se identificó la adición de Universal Insurance Company como demandado. Las restantes alegaciones se mantuvieron inalteradas.

[6] *Íd.,* a las págs. 19-27. La parte apelada alegó afirmativamente que, para la fecha de los hechos alegado en la demanda, Universal Insurance Company tenía expedida la póliza de seguro 09-560-000636451-2/000, a favor de los apelados Royal Isabela, Inc., &/or Costa Isabela Partners, Inc.

Tras múltiples instancias procesales, el juicio en su fondo se celebró del 8 al 14 de enero de 2025, y el 26 de febrero de 2025. El foro primario emitió su *Sentencia,* notificada a las partes el 5 de marzo de 2025[7].

En resumen, el tribunal determinó que la señora Riollano era una figura pública para los efectos de la acción instada y que no había logrado establecer los elementos de su causa de acción. Consecuentemente, el foro primario desestimó la demanda tanto contra Royal Isabela, como contra los demás codemandados, por no haberse presentado prueba alguna contra estos últimos.

Inconforme con la determinación, el 20 de marzo de 2025, la parte apelante presentó una moción de reconsideración, junto con una solicitud de determinaciones de hecho y de derecho adicionales[8].

Al día siguiente, el foro primario declaró sin lugar ambas solicitudes[9].

Inconforme aún, el 21 de abril de 2025, la señora Riollano presentó este recurso y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al Dictar Sentencia desestimando la demanda al amparo de la Regla 39.2 (c) de las de Procedimiento Civil cuando estaban presentes todos los elementos de la causa de acción por difamación.
>
> Erró el Tribunal de Primera Instancia al Dictar Sentencia desestimando la demanda cuando la prueba de la difamación era clara, robusta y convincente.
>
> Erró el Tribunal de Primera Instancia al Dictar Sentencia desestimando la demanda aplicando erróneamente el derecho a los hechos probados en el caso.
>
> Erró el Tribunal de Primera Instancia al negarse a corregir determinaciones de hecho que eran contrarias a la prueba desfilada y admitida por la parte apelada.
>
> Erró el Tribunal de Primera Instancia al negase a hacer determinaciones de hecho adicionales que declarar con lugar la moción de reconsideración.
>
> Erró el Tribunal de Primera Instancia al negarse a declarar con lugar la moción de reconsideración.

---

[7] *Véase*, apéndice del recurso*,* a las págs. 28-43.

[8] *Íd.,* a las págs. 44-59.

[9] *Íd.*, a la pág. 60.

Ante la naturaleza de los errores señalados, otorgamos un término a la parte apelante para que presentara la transcripción de la prueba oral (TPO) y su alegato suplementario. Luego de varios incumplimientos, prórrogas y apercibimientos, la señora Riollano presentó ambos escritos el 18 de septiembre de 2025.

Por su parte, el 10 de noviembre de 2025, la parte apelada presentó sus sendos alegatos en oposición.

Con el beneficio de la TPO y la comparecencia de las partes litigantes, resolvemos.

II

A

Es norma reiterada que, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, los tribunales apelativos no debemos intervenir con la apreciación de la prueba de los tribunales de primera instancia. *Rodríguez v. Urban Brands*, 167 DPR 509, 522 (2006). Al definir lo que constituye pasión, prejuicio o parcialidad, el Tribunal Supremo ha expresado que:

> Incurre en "pasión, prejuicio o parcialidad" aquel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna.

*Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).

La deferencia hacia el foro primario responde a que es el juez sentenciador el que tiene la oportunidad de recibir y apreciar toda la prueba testifical presentada, de escuchar la declaración de los testigos y evaluar su comportamiento. *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 67 (2009).

Sin embargo, la doctrina de deferencia judicial no es de carácter absoluto; se puede intervenir "cuando la apreciación de la prueba no representare el balance más racional, justiciero y jurídico de la totalidad de la prueba". *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011).

También, se exceptúa de la regla de deferencia las determinaciones de hechos que se apoyan exclusivamente en prueba documental o pericial, ya que los tribunales apelativos estamos en idéntica posición que el tribunal inferior al examinar ese tipo de prueba. *González Hernández v. González Hernández*, 181 DPR, a la pág. 777.

B

La Regla 39.2(c) de las de Procedimiento Civil, 32 LPRA Ap. V, establece textualmente lo siguiente:

> **Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada,** sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", **podrá solicitar la desestimación, fundándose en que bajo los hechos hasta ese momento probados y la ley, el demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada.** A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

(Énfasis nuestro).

Esta regla autoriza al tribunal a aquilatar la prueba presentada por el demandante y a formular su apreciación de los hechos según la credibilidad que este le haya merecido, sin tener que exigir la prueba presentada por el demandado, si llega al convencimiento de que el demandante no puede prevalecer. *Roselló Cruz v. García*, 116 DPR 511, 520 (1985).

El Tribunal Supremo de Puerto Rico ha señalado que la facultad conferida por la referida Regla "se debe ejercitar después de un escrutinio sereno y cuidadoso de la prueba". *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 916 (2011). Por tanto, "en caso de duda se debe requerir al demandado que presente su prueba". *Íd.*

C

En nuestro ordenamiento jurídico, la difamación se define como desacreditar a una persona, publicando información falsa contra su

prestigio, fama y reputación. *Krans Bell v. Santarrosa* 172 DPR 731, 741 (2007). *Véase*, además, *Vélez v. García*, 163 DPR 223, 225-226 (2004). La referida definición abarca los conceptos de libelo y calumnia, según definidos en la *Ley de Libelo y Calumnia de Puerto Rico* de 19 de febrero de 1902, 32 LPRA sec. 3141-3149, que, en su Sección 4, crea una causa de acción por daños y perjuicios. No obstante, el Tribunal Supremo de Puerto Rico ha resuelto que es la Constitución de Puerto Rico y la Primera Enmienda de la Constitución de Estados Unidos, y no la *Ley de Libelo y Calumnia de Puerto Rico*, las fuentes principales de la protección contra injurias, por lo que dicho estatuto sobrevive tan sólo en cuanto sea compatible con estas. *Vélez v. García*, 163 DPR, a la pág. 226.

En lo pertinente, para que prospere una acción civil por libelo o difamación, la parte promovente debe probar lo siguiente:

> (1) **la falsedad de la información publicada**; (2) los daños reales sufridos a causa de dicha publicación; (3) la relación causal entre el acto negligente y los daños; (4) si el demandante es figura privada, demostrar que las expresiones fueron hechas en forma negligente, y (5) **si el demandante es *figura pública*, *probar* que la información fue publicada con *malicia real*, es decir, *a sabiendas de su falsedad o con grave menosprecio de si era falsa o no*.**

*Íd*. (Énfasis nuestro).

Resulta preciso recalcar que en nuestro ordenamiento jurídico aun rige la doctrina adoptada de *New York Times Co. v. Sullivan*, 376 US 254 (1964), que establece que no resulta difamatoria la publicación de un informe falso o de comentarios injustificados concernientes a la conducta oficial de un funcionario público, a menos que la información fuera publicada maliciosamente; esto es, a sabiendas de que era falsa o con grave menosprecio de si era falsa o no. *Vélez v. García*, 163 DPR, a la pág. 226. *Véase*, además, *Soc. de Gananciales v. López,* 116 DPR 112, 115 (1985). Con respecto a ello, el Tribunal Supremo de Puerto Rico ha señalado que es imprescindible que la parte demandada abrigue al menos serias dudas sobre la certeza de la publicación y que ello debe ser objeto de **prueba clara y convincente**. *Íd*. Ello así, pues la malicia real nunca se presume.

Consecuentemente, el Tribunal Supremo ha establecido que, cuando el promovente de una acción civil por difamación ya sea por libelo o por calumnia, es una figura pública, tendrá que probar específicamente que quien publicó la información falsa actúo maliciosa e intencionalmente. Tienen que alegarse y probarse los *hechos específicos*. No es suficiente afirmar meramente que la publicación fue maliciosa. *Krans .Bell v. Santarrosa*, 172 DPR, a las págs. 743-744.

En este recurso, si bien el tema de si la señora Riollano, en su capacidad de sargento de la Policía Municipal de Isabela, debía ser considerada como figura o funcionaria pública no fue objeto de controversia, apuntamos que, desde la decisión del Tribunal Supremo de Puerto Rico en *Soc. de Gananciales v. López*, 116 DPR 112, 117 (1985), un policía raso ha sido considerado como un funcionario público, para efectos del estándar probatorio de la malicia real en la publicación. Véase, además, *Gómez Márquez, et al. v. El Oriental*, 203 DPR 783, 799 (2020).

D

La Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, regula las solicitudes de reconsideraciones de sentencias y "permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones". *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014).

Por su lado, la Regla 43.1 de las de Procedimiento Civil, 32 LPRA Ap. V, regula las solicitudes para enmiendas o determinaciones iniciales o adicionales de hechos.

> **Al igual que una moción de reconsideración, una moción presentada oportunamente bajo esta regla interrumpirá automáticamente los términos para recurrir en alzada**, siempre que se cumplan con las especificaciones que la propia norma establece.

*Morales y otros v. The Sheraton Corp.*, 191 DPR, a la pág. 10. (Énfasis nuestro).

Cabe señalar que, según la citada Regla 43.1 de las de Procedimiento Civil, la parte que pretenda solicitar reconsideración y determinaciones de hechos adicionales tiene que acumular ambas

solicitudes en la misma moción. *Íd.*, a la pág. 9. Así, el tribunal podrá resolver esos asuntos de igual manera. *Íd.* Ello, pues la separación de las referidas mociones incidiría sobre la paralización y reanudación de los términos para acudir ante este tribunal intermedio, dado el efecto interruptor de estas.

III

En síntesis, la señora Riollano aduce que el Tribunal de Primera Instancia erró al desestimar su demanda al amparo de la Regla 39.2(c) de Procedimiento Civil, 32 LPRA Ap. V. Alega que, contrario a lo resuelto por el foro primario, logró establecer todos los elementos esenciales de su causa de acción por difamación. A su vez, señala como error que el tribunal no corrigiera ciertas determinaciones de hechos, las cuales, insiste, no estaban sustentadas por la prueba desfilada y admitida en evidencia.

Examinada la totalidad del expediente, la TPO y el derecho aplicable, resolvemos que no le asiste la razón a la señora Riollano. Veamos.

La parte apelante discutió los seis errores señalados en conjunto, por estar intrínsicamente relacionados, expondremos nuestro análisis de igual forma.

El argumento medular de la señora Riollano en cuanto a la desestimación al amparo de la Regla 39.2(c) de las de Procedimiento Civil, 32 LPRA Ap. V, es que el testimonio vertido en sala por el único testigo de la parte apelada, el capitán Juan Castillo Aldarondo, adscrito a la Policía Municipal de Isabela, no aportó prueba alguna conducente a establecer que las manifestaciones del señor Machado hubieran sido reales o no hubieran sido realizadas con malicia real.

La señora Riollano insiste en su recurso en que el señor Machado fue inducido a formular la querella en su contra por motivos impropios y que ello quedó evidenciado por las admisiones de este, las cuales no fueron consignadas en la *Sentencia* objeto del presente recurso. En particular, que el señor Machado admitió que la seguridad de Royal Isabela había sido

reducida tras el paso del huracán María; que tenía buena comunicación con la amiga y residente de Royal Isabela, la señora Gianetti; y que fue el señor Machado quien le sugirió a la señora Gianetti que solicitara rondas preventivas a la Policía. Además, la señora Riollano señaló que el tribunal tampoco consignó que el señor Machado no se encontraba en las instalaciones del complejo en todas las ocasiones en que la señora Riollano entró al complejo[10].

En virtud de lo anterior, concluyó que su causa de acción no había sido del todo derrotada y, en consecuencia, el foro primario no debió haber desestimado su causa de acción.

Por su parte, la parte apelada arguyó que la señora Riollano no pudo probar su causa de acción mediante prueba clara, robusta y convincente, según lo exige la jurisprudencia aplicable. En ese sentido, expresó estar de acuerdo con la determinación del Tribunal de Primera Instancia y expuso que, a través del testimonio vertido en sala por el señor Machado, se comprobaba la veracidad de los hechos conducentes a la presentación de la querella en contra de la señora Riollano.

Además, añadió que, no tan solo el señor Machado actuó movido por las sospechas de que se estaba llevando a cabo una actividad impropia o prohibida, sino que el Municipio de Isabela realizó una investigación independiente con la que se corroboró la veracidad de la sospecha de este. Con relación a este ultimo argumento, la parte apelada sostuvo que estos dos hechos resultaban suficientes para desestimar la causa de acción de la señora Riollano.

Como apercibimos, luego de examinar la totalidad del expediente y la TPO, coincidimos con la parte apelante respecto a que el Tribunal de Primera Instancia actuó correctamente al concluir que las comunicaciones del señor Machado al Municipio de Isabela reflejaban hechos ocurridos y

---

[10] *Véase*, alegato suplementario, a las págs. 7-15. Examinadas las expresiones a las que la señora Riollano hizo referencia en su alegato suplementario, **resulta relevante destacar que el señor Machado no admitió semejante conocimiento**, sino que, a preguntas de la representación legal de la señora Riollano, este contestó afirmativamente que había recibido mensajes de la señora Giannetti, pero no recordaba el contexto. *Véase*, TPO de 9 de enero de 2025, a las págs. 60-63.

verificables. En particular, que la señora Riollano ingresaba reiteradamente al complejo privado de Royal Isabela durante su jornada de trabajo, conduciendo la patrulla Municipal, sin que mediara una querella ni una solicitud oficial.

Como expusimos, para que prosperara la acción civil por difamación, la parte promovente debía probar la falsedad de la información publicada, los daños reales sufridos a causa de dicha publicación y, en lo pertinente, por ser la señora Riollano una figura pública, probar que la información fue publicada con malicia real; es decir, *a* sabiendas de su falsedad o con grave menosprecio de si era falsa o no.

Aclaramos que la señora Riollano, a quien correspondía el peso de la prueba, estaba obligada a demostrar que el señor Machado albergaba al menos serias dudas sobre la certeza de la publicación. Resaltamos que ello debía ser **objeto de prueba clara, robusta y convincente**, pues la malicia real nunca se presume. Aún más, le correspondía a la señora Riollano probar mediante *hechos específicos* que el señor Machado publicó información falsa o actúo maliciosa e intencionalmente. No resulta suficiente la afirmación de que la publicación fue maliciosa.

No obstante, en esta ocasión, el récord ciertamente evidencia que las expresiones del señor Machado no fueron fruto de especulación ni de animosidad personal, sino de la comunicación sobre hechos constatables relacionados al desempeño oficial de una funcionaria pública. De hecho, no podemos perder de perspectiva que la presunta difamación versa sobre expresiones que fueron emitidas dentro del ejercicio legítimo de un deber cívico y profesional: la presentación de una querella ante la autoridad competente, en la que se exponía la sospecha de conducta impropia por parte de la señora Riollano. La apelante no derrotó dicha presunción.

Aún más, en cuanto al testimonio del capitán Castillo Aldarondo, este no resultó determinante para efectos de la sentencia dictada, precisamente porque no figuró ni fue percibido por el foro primario como

prueba robusta y clara de que las expresiones del señor Machado hubieran sido realizadas con *malicia real.*

La sentencia emitida por el Tribunal de Primera Instancia fue el resultado de un escrutinio sereno y cuidadoso de la prueba. Tanto así, que el tribunal se reservó el fallo en cuanto a la desestimación al amparo de la Regla 39.2(c) de las de Procedimiento Civil, y dictó sentencia solo luego de que se desfilara toda la prueba y los testigos vertieran sus respectivos testimonios. Como apercibimos, correspondía a la señora Riollano establecer los elementos requeridos para prosperar en su causa de acción. No obstante, la apelante no satisfizo la exigencia evidenciaria de hechos específicos de los cuales se pudiera inferir que el señor Machado hubiera actuado con malicia real o basándose en falsedades. Por tanto, sí procedía desestimar la demanda al amparo de la Regla 39.2(c) de las de Procedimiento Civil, 32 LPRA Ap. V.

Finalmente, en lo relacionado a las solicitudes de reconsideración y declaraciones adicionales de hechos y de derecho, concluimos que las enmiendas propuestas no resultaban materiales a la conclusión emitida por el Tribunal de Primera Instancia. La señora Riollano propuso la adopción de determinaciones de hechos principalmente dirigidos a establecer si estaba autorizada o no a llevar a cabo rondas preventivas y establecer quién las solicitó. No obstante, la controversia principal y el asunto a probar era el carácter de la comunicación del señor Machado y si este había actuado con malicia real al instar la querella ante la autoridad competente. Por ello, concluimos que no procede revisar ni alterar la sentencia emitida por el Tribunal de Primera Instancia.

IV

A la luz de los hechos y el derecho antes expuestos, **confirmamos** la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones